ESTATE OF T. J. TAYLOR, ELLA D. TAYLOR, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7617.    Promulgated August 1, 1927.

1. A purchase-money note, secured by a vendor's lien and a portion of the oil run, given by irresponsible parties as part payment of an interest in an oil and gas lease, valued, for purposes of determining profits from the sale, at the sum of the proceeds from the oil run to the date of the transfer of the note and all interest in the lease to third parties, following default on the note, plus the consideration received from such transfer.

2. The disallowance of a claimed loss on the alleged sale in good faith of stock, approved, in the absence of evidence of the basic cost of such stock.

3. An item found to have been erroneously duplicated in income.

*Don T. Haynes, Esq,.* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

This proceeding, as originally brought, involved a deficiency in income tax for the year 1919 in excess of $10,000. Such deficiency arose from the fact that respondent treated, for income-tax purposes, a certain sale made in 1919 of an oil and gas lease as an installment sale, but included in the gross income of the decedent a proportional part of a lien note for $320,000 at its face value, and also from the fact that respondent refused to permit the deduction from gross income of the decedent of a loss of $36,000 arising from an alleged sale of stock in the Sanders Taylor Oil Co. Petitioner further contends that respondent had twice included the sum of $1,660 in gross income. At the hearing, with the consent of petitioner, respondent amended his answer and now asserts that the said sale was not an installment sale, but was a closed transaction in 1919 and the deficiency should be so redetermined, resulting in an additional deficiency. Petitioner concedes that the sale was not an installment sale.

### FINDINGS OF FACT.

Ella D. Taylor, who resides at 1008 Lamar Street, Wichita Falls, Tex., is the widow of T. J. Taylor, deceased, and executrix of his will. T. J. Taylor owned an interest in the Sibley Taylor Oil Association Number One, which was represented by 55⅓ units out of a total of 500 units. The cost of the 55⅓ units to T. J. Taylor, was $16,046.66 Said association was a partnership. T. J. Taylor was the liquidating trustee of its assets. As such trustee, Taylor, in April, 1919, sold to J. W. Crotty and E. H. Shackelford the company's assets, which consisted of an interest in an oil and gas lease dated August 20, 1918,

from J. G. Hardin and M. C. Hardin, his wife.    The contract of sale to Crotty and Shackelford contained the following:

KNOW ALL MEN BY THESE PRESENTS:

That, whereas, by instrument dated 20th day of August, A. D. 1918, and recorded in deed records of Wichita County, Texas, in book ———, page ———, J. G. Hardin and wife, M. C. Hardin, made, executed and delivered to Floyd E. Ard an oil and gas lease on the following described land situated in the County of Wichita, State of Texas, to wit:

Beginning at a point in the East line of the Wm. P. B. DuBose Survey at the Southeast corner of a 45 acre tract of land leased by J. G. Hardin to C. H. Clark; thence West 2260 feet; thence South 874 feet to a stake; thence East 1077 feet to the Northwest corner of the 5 acre tract of Phillips and Hardin's North line 1833 feet to the East line of said DuBose Survey; thence north parallel with the East line of said DuBose Survey 668 feet to the place of beginning, containing 40 acres of land.

To the record of which oil and gas lease reference is made for all purposes.

And, Whereas, said oil and gas lease, together with all rights, titles, interests and estates conveyed thereby, insofar as same pertains to the following described portion of said forty (40) acre tract, is now held and owned by Roy A. Taylor, of Wichita County, Texas, and S. W. Sibley of Collin County, Texas;

Now, THEREFORE, we the said Roy A. Taylor and S. W. Sibley, for and in consideration of the sum of Four Hundred Thirty-five Thousand ($435,000.00) Dollars to us paid secured to be paid by J. W. Crotty and E. H. Shackelford, as follows: One Hundred Fifteen Thousand ($115,000.00) Dollars in cash, the receipt of which is hereby acknowledged and confessed, and the remainder in deferred payments in the manner and at the time hereinafter more fully set forth, have bargained, sold, transferred and assigned, and by these presents do hereby bargain, sell, transfer and assign unto the said J. W. Crotty and E. H. Shackelford, both of Dallas County, Texas, said oil and gas lease above described, and all of the rights, titles, interest and estates conveyed thereby insofar as same pertains to the following described portion of said forty (40) acre tract, to wit:

Beginning at a point 1481 feet West of the East line of the DuBose Survey at the intersection of the Southeast corner of the Clark 45 acre tract; thence West 267 feet; thence South 827 feet; thence East 267 feet to the West line of a 2½ acre tract deeded to W. R. Ferguson, Trustee; thence North 803 feet to the south line of said Clark 45 acre tract to the place of beginning, containing 5 acres of land.

\*          \*          \*          \*          \*          \*          \*

The deferred payment of Three Hundred Twenty Thousand ($320,000) Dollars above mentioned shall be evidenced by one promissory note, in the principal sum of $320,000.00 payable to the order of T. J. Taylor, Trustee, for the use and benefit of Roy A. Taylor and S. W. Sibley, at the First National Bank of Wichita Falls, Texas; said note bearing interest at the rate of 5% per annum, interest payable quarterly, and containing the usual 10% attorney's fee clause; said note being secured by a vendor's lien on the property hereby conveyed, and said note being executed by the said J. W. Crotty and E. H. Shackelford.

It is understood and agreed that fifty per cent (50%) of the seven-eighths (⅞ths) of the oil produced from the property above described from and including April 10, A. D. 1919, shall be run into the pipe line to which the wells on said property may be connected to the credit of T. J. Taylor, Trustee,

for the use and benefit of the said Roy A. Taylor and S. W. Sibley (said oil already being under contract to the Wichita Valley Refining Company), at a price of five cents bonus on the posted price maintained in the Wichita County oil fields, which contract expires July 1, A. D. 1919. And as payment for said oil is received by the said T. J. Taylor, the amount thereof shall be credited upon said note as of the date received, and when said sales contract expires, said oil may be sold by the said J. W. Crotty and E. H. Shackelford for such price as they may be able to obtain, and to such parties as they desire, provided only that said oil shall not be sold at a price below the posted pipe line price maintained in the Burkburnett Oil Field, and shall be sold to parties whose financial standing is satisfactory to the said T. J. Taylor, Trustee, and who shall pay therefor each thirty days. This division of said oil shall continue until the said T. J. Taylor, Trustee, shall receive from the sale of said oil the sum of One Hundred Thousand ($100,000.) Dollars in cash, and during said time the remaining fifty per cent of said oil shall go to the credit of the said J. W. Crotty and E. H. Shackelford, and the proceeds thereof shall be free and clear from all obligations or liens hereby created.

From and after the time the said T. J. Taylor, Trustee, has received from the fifty per cent of the oil above provided for the sum of One Hundred Thousand ($100,000.00) in cash, then the runs from said oil shall be divided seventy-five per cent to the said T. J. Taylor, Trustee, and twenty-five per cent to the said J. W. Crotty and E. H. Shackelford ; said oil to be sold and the proceeds handled in the same way as is provided in the preceding paragraph for the first oil run from said property until the full amount of said note, and the interest thereon has been paid, whereupon the title hereby conveyed shall become absolute, and neither the grantors and the said T. J. Taylor, Trustee, shall have any further interest in same, it being expressly agreed and understood that, if the portion of the oil above specified to go to the credit of the said T. J. Taylor, Trustee, does not within the terms of said note mature same, then on April 10, A. D. 1920, the balance remaining unpaid on said note shall be due and payable.

It is expressly agreed and stipulated that the vendor's lien, except as to the oil going to the grantees herein, is retained against the above described property, premises and improvements until said note, together with all interest therein, is fully paid and according to its face, tenor, effect and reading, whereupon this grant shall become absolute.

Crotty was a professional promoter. Shackelford was an oil driller. The $115,000 which constituted the cash payment, was advanced by the Wichita Valley Refining Co. To secure this advancement, Crotty and Shackelford assigned to the Wichita Valley Refining Co., the remaining 50 per cent of the seven-eighths of the oil which remained to them under the contract of sale. In July or August, 1919, Crotty and Shackelford became unable to pay operating expenses and material men's liens were filed against their property on the leased premises. Crotty and Shackelford then acknowledged their inability to go further and the lease was for the remainder of the year 1919 operated under the joint management of the Wichita Valley Refining Co. and Taylor as trustee for the partnership.

In the latter part of the year 1919 and while the lease was being operated under the joint management of Taylor, Trustee, and the Wichita Valley Refining Co., an offer was made that the former transfer to the latter the lien note and all interest in the lease, for the sum of $25,000, and the one-half of the oil that had been credited to the Wichita Valley Refining Co. This offer was accepted and the transfer consummated in the early part of 1920. The total value of the oil which had been applied to the purchase-money note of $320,000 during the year 1919, was $47,835.08 and a like amount had been credited during that year to the Wichita Valley Refining Co. on their advancement. The decedent received for the note, the total sum of these amounts, or $120,670.16, which was the value of the note when received from Crotty and Shackelford. During 1919, Taylor and his associates endeavored to sell the note to various bankers but the bankers refused to purchase it unless it was endorsed by solvent third parties. Taylor and his associates offered during the year 1919, to sell the note at 40 cents on the dollar, but such offer was refused. Crotty owed various individuals in the vicinity of Dallas, Tex., various amounts due on promissory notes, and the holders of the notes were unable to secure payment during 1919 and prior years, and the notes remained unpaid at the date of the hearing of this proceeding.

In December, 1919, S. W. Sibley executed and delivered to T. J. Taylor, his note for $24,000, due in six months. At the same time, Taylor delivered to Sibley 600 shares of the stock of the Sanders Taylor Oil Co. Sibley pinned the stock to the note and left both with Taylor. The note was extended, but never paid, and in 1921, by agreement between Taylor and Sibley, the note was destroyed and Taylor left in possession of the stock. During this time the stock was voted at the stockholders' meetings by a Mr. Kell, as proxy for Sibley. The cost of this stock to Taylor is not shown.

### OPINION.

MILLIKEN: T. J. Taylor died in 1922. We did not have the benefit of his testimony. Petitioner was compelled to rely on a witness, who, though a close friend and business associate, did not have that comprehensive knowledge of the transactions involved which was possessed by the decedent.

At the time the lease in question was sold, Wichita County, Texas, was experiencing the tumult of an oil boom. Excitement was rife. Chances were freely taken. The general condition was abnormal.

Informal contracts involving large amounts were unhesitatingly entered into. Speculators and promoters without funds flourished. Their potential schemes seemed realities. Crotty and Shackelford belonged to this class. While they were not financially responsible for the large sum involved in this transaction, Taylor and his associates were willing to take chances, relying on the cash payment, their vendor's lien and their share of the oil run. Within 90 days after the sale, the promoters became unable to fulfill their obligations with the result that Taylor and his associates and the Wichita Valley Refining Co. were compelled to and did operate the lease until the final adjustment between them. The lien note was offered for sale at 60 per cent discount and the offer refused. We are of the opinion that the oil flow credited to the note in 1919, plus the price offered Taylor and his associates in 1919 for the sale of their interests, and the note, which was accepted in the early part of 1920, is the proper basis for the valuation of the note. We have accordingly fixed the value of the note in 1919 at $120,670.16.

We do not pass on the good faith of the sale of stock of the Sanders Taylor Oil Co. by Taylor to Sibley. It is sufficient to point out that the testimony does not establish the cost of the stock sold. The witness Sibley is the only one who testified as to this alleged sale. At the conclusion of his testimony, he was asked:

Mr. MILLIKEN: Do you know, Mr. Sibley, of your own knowledge, not based upon hearsay, what the stock of the Sanders Taylor Oil Company cost Mr. Taylor?

A. Only what he told me.
Q. Only what he told you?
A. Yes, sir.
Q. In other words, that is the only information you have?
A. Direct information, yes, sir.

The testimony in the record is not sufficient to establish that the decedent suffered a loss in 1919 by reason of a sale of stock to Sibley.

It is evident that respondent has duplicated the income of decedent to the extent of $1,660. Upon redetermination this error should be corrected.

*Judgment will be entered on 20 days' notice, under Rule 50.*

Considered by PHILLIPS and MARQUETTE.