*934 OPINION.
MilliKen :
T. J. Taylor died in 1922. We did not have the benefit of his testimony. Petitioner was compelled to rely on a witness, who, though a close friend and business associate, did not have that comprehensive knowledge of the transactions involved which was possessed by the decedent.
At the time the lease in question was sold, Wichita County, Texas, was experiencing the tumult of an oil boom. Excitement was rife. Chances were freely taken. The general condition was abnormal. *935 Informal contracts involving large amounts were unhesitatingly entered into. Speculators and promoters without funds flourished. Their potential schemes seemed realities. Crotty. and Shackelford belonged to this class. While they were not financially responsible for the large sum involved in this transaction, Taylor and his associates were willing to take chances, relying on the cash payment, their vendor’s lien and their share of the oil run. Within 90 days after the sale, the promoters became unable to fulfill their obligations with the result that Taylor and his associates and the Wichita Valley Refining Co. were compelled to and did operate the lease until the final adjustment between them. The lien note was offered for sale at 60 per cent discount and the offer refused. We are of the opinion that the oil flow credited to the note in 1919, plus the price offered Taylor and his associates in 1919 for the sale of their interests, and the note, which was accepted in the early part of 1920, is the proper basis for the valuation of the note. We have accordingly fixed the value of the note in 1919 at $120,670.16.
We do not pass on the good faith of the sale of stock of the Sanders Taylor Oil Co. by Taylor to Sibley. It is sufficient to point out that the testimony does not establish the cost of the stock sold. The witness Sibley is the only one who testified as to this alleged sale. At the conclusion of his testimony, he was asked :
Mr. Milliken : Do you know, Mr. Sibley, of your own knowledge, not based upon hearsay, what the stock of the Sanders Taylor Oil Company cost Mr. Taylor?
A. Only what be told me.
Q. Only wbat be told you?
A. Yes, sir.
Q. In other words, that is the only information you have?
A. Direct information, yes, sir.
The testimony in the record is not sufficient to establish that the decedent suffered a loss in 1919 by reason of a sale of stock to Sibley.
It is evident that respondent has duplicated the income of decedent to the extent of $1,660. Upon redetermination this error should be corrected.
Judgment will be entered on W days’ notice, vrnder Rule 50.
Considered by Phillips and Marquette.